UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SOLARCITY CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FETEHE GIRMA, an individual,<br><br>Defendants. | Case No. 2:17-cv-00464-MMD-VCF<br><br>ORDER |

The Court granted Plaintiff's motion for default judgment and entered default judgment against Defendant Fetehe Girma on August 1, 2017. (ECF Nos. 17, 18.) Before the Court is Defendant's motion to set aside default judgment ("Motion"). (ECF No. 21.) Plaintiff opposes the motion (ECF No. 21) and Defendant has failed to timely reply. For the reasons discussed below, Defendant's Motion is denied.

Fed. R. Civ. P. 55(c) provides that the court may set aside a final default judgment under Rule 60(b). Rule 60(b), in turn, provides that a court may relieve a party from a final judgment only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion). Moreover, in

determining whether good cause exists to set aside default judgment, a court considers three factors: "'(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.'" *Brandt v. Am. Bankers Ins. Co. of Fla.,* 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)). "These factors . . . are disjunctive." *Brandt,* 653 F.3d at 1111 (quoting *Falk,* 739 F.2d at 463)). Thus, the court may refuse to set aside default if it holds any one of the three factors is true. *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010).

However, strong policy in the Ninth Circuit is to decide cases on their merits. "'[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Mesle,* 615 F.3d at 1091 (quoting *Falk,* 739 F.2d at 463) (alternation in original). The *Falk* factors are more liberally applied in the context of a clerk's entry of default than in the default judgment context. *Mesle,* 615 F.3d at 1091 n.1 (quoting *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 631 (7th Cir. 2009)); *see also Haw. Carpenter's Trust v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986).

The Court agrees with Plaintiff that Defendant has not offered any valid reason to set aside the default judgment. Defendant contends that "the clerk" told him he had sixty days from when he sought an extension in March 2017 to seek legal counsel. (ECF No. 21 at 1.) The docket reflects that Defendant's request for an extension of time to respond to the complaint was granted, giving Defendant until April 15, 2017 to respond. (ECF No. 8.) Defendant did not respond or otherwise appear until he filed the Motion. Defendant offered no explanation for such failure to appear. Defendant claims that he moved to a new address on April 1, 2017. (ECF No. 21 at 1.) However, Defendant knew of the April 15, 2017, deadline for him to respond because the order granting his requested for extension was issued on March 21, 2017. (ECF No. 8.) A change in address does not explain or excuse Defendant's failure to timely respond to the complaint. In fact, Defendant has a duty to notify the Court of any change in his mailing address. *See* LR IA 3-1. Moreover, Defendant does not address the merits of his defense, offer facts for the

Court to find that the default judgment was not a result of his culpable conduct, or any other reason justifying relief from default judgment.

It is therefore ordered that Defendant's motion to set aside default judgment (ECF No. 21) is denied.

DATED THIS 24th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE